[Civ. No. 5080.   Second Appellate District, Division One.—March 16, 1928.]

IMMANUEL PRESBYTERIAN CHURCH (a Corporation), Respondent, v. H. A. PAYNE, etc., et al., Appellants.

Edward T. Bishop, County Counsel, J. H. O'Connor, Assistant County Counsel, and J. A. Tucker, Deputy County Counsel, for Appellants.

Edgar C. Smith and Thomas C. Ridgway for Respondent.

YORK, J.—This is an appeal from a judgment which determined that a certain portion of plaintiff's property, which was used by the members of its congregation for the parking of their automobiles without any charge being made therefor when they were attending church services, was entitled to exemption from taxation by virtue of section 1½ of article XIII of the constitution of the state of California.

In the instant case, under the agreed statement of facts admitting certain portions of the facts stated in plaintiff's petition to be true, which stipulation is set out in the engrossed bill of exceptions herein, it is apparent that all of the land in question was "required for the convenient use and occupation of the church building."

The condition of the pleadings in this case and the evidence so introduced clearly show the fact that a very considerable portion of the congregation attending church services in the church in question comes from some little distance, by reason of the fact that the residential portion of the city of Los Angeles has been removed from the vicinity of the church, as the church building is built in what is now known as the business section of Los Angeles. The evidence further shows that the streets in the vicinity of said church during the hour when services are held are badly congested; that it is impossible for one-half of said persons attending said church using their own private automobiles for conveyance to and from said church to park upon the said property in question and the other one-half of such persons have to park as best they can in the proximate vicinity of said church on such badly congested streets. The evidence further shows that no charge of any kind is made, either directly or indirectly, for the parking of said

automobiles. Therefore, the finding of the trial court that the property on which the parking space is established and maintained, which is immediately adjacent to the said church, was necessary and required for the convenient use and occupation of the said building is the only finding the trial court could have made. In other words, as stated in respondent's brief, a portion of a church lot, located in a congested city district, which is used by the members of the congregation for the parking of their automobiles when attending church services, and which also affords light and air for the church building located thereon, comes within the constitutional provision which exempts from taxation so much of the real property, on which buildings used solely and exclusively for religious worship are situated, as may be required "for the convenient use and occupation of said buildings," and this is the only logical conclusion that could be reached from such stipulation of facts.

The plaintiff filed with the county assessor, under section 3611 of the Political Code, its claim for exemption from taxes for the year 1923 for all of the lot on which the church is located. This claim for exemption was recognized in part only, and was denied as to the southwest 90 feet; whereupon plaintiff paid $2,268.64 as the general property tax for 1923 on said southwest 90 feet, and then filed, under section 3804 of the Political Code, its verified claim and petition for refund of taxes to the board of supervisors. This board granted the petition and ordered said sum of $2,268.64 to be refunded to the plaintiff. The defendants, the County Auditor and County Treasurer, refused to audit and pay said claim, whereupon the plaintiff church filed its petition for a writ of mandate to compel the said County Auditor and said County Treasurer to audit and pay said claim for refund of said taxes in the sum of $2,268.64.

The judgment is therefore affirmed.

Conrey, P. J., and Houser, J., concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 14, 1928.

Preston, J., and Tyler, J., pro tem., dissented.